Filed 12/13/21  P. v. Hollman CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FREDDIE HOLLMAN,<br><br>    Defendant and Appellant. | A162429<br><br>(Contra Costa County<br>Super. Ct. No. 51600329) |

Freddie Hollman appeals from an order striking a sentencing enhancement previously imposed under Penal Code section 12022.53, subdivision (d) and thereby reducing his sentence.[1]  His attorney has filed a brief seeking our independent review of the appellate record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), to determine whether there is any arguable issue on appeal.  We find no arguable issue and affirm.

## I.  FACTS AND PROCEDURAL HISTORY

Hollman was convicted by a jury of premeditated attempted murder (§§ 187, subd. (a), 664, subd. (a)), shooting at an inhabited dwelling (§ 246), and possession of a firearm by a felon (§ 29800, subd. (a)(1)).  The jury also found true the enhancement allegation that Hollman personally and

---

[1]    All statutory references hereafter are to the Penal Code.

intentionally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)).[2]

The court sentenced Hollman to 32 years-to-life, comprised of a seven years-to-life term for attempted murder plus a consecutive 25-year term for the enhancement under section 12022.53, subdivision (d). Punishment on additional enhancements and the conviction for shooting at an inhabited dwelling (count two) was stayed pursuant to section 654, and a concurrent two-year term was imposed on the conviction for possession of a firearm by a felon (count three).

Hollman appealed (appeal number A150795). He argued, and the People conceded, that the case should be remanded because a 2017 amendment to section 12022.53, subdivision (h) allowed the trial court to decide whether the firearm enhancement under section 12022.53, subdivision (d) should be stricken. We agreed and concluded: "Hollman's sentence for the firearm enhancement imposed on count one is vacated and the matter is remanded. The trial court is instructed to exercise its discretion under section 12022.53, subdivision (h)."

After remand, the trial court held a resentencing hearing. The prosecutor urged the court not to strike the firearm enhancement, arguing that Hollman demonstrated a callous disregard for human life in a preplanned incident, caused substantial injuries, lied under oath, and had already possessed a lengthy criminal history. Hollman (through counsel) urged that the enhancement be stricken.

---

[2] Because the underlying facts are not relevant to this appeal, we provide only the following summary: Hollman went to victim McNeely's apartment to collect on a bet; the two men argued when McNeely refused to pay; according to McNeely, Hollman said, "I got to kill you," drew a gun from his waistband, pointed the gun at McNeely, and shot him four times.

The court noted the serious and violent nature of Hollman's crime and considered his past involvement in the criminal justice system. The court further observed that "the use of the gun in this case is a significantly aggravating factor [and] it is appropriate to have a firearms' enhancement imposed in this case, but I do believe that the firearms' enhancement that was mandatory at the time of the original sentencing is excessive under the circumstances." The court therefore struck the firearm enhancement under section 12022.53, subdivision (d)—as well as other enhancements that would have imposed significant mandatory consecutive sentencing—and imposed instead "an enhancement charged and found true under Penal Code Section 12022.5(a), which is the discretionary sentencing enhancement that I think is most appropriate," selecting the mid-term of four years. The court reimposed the seven years-to-life term on the attempted murder count, again imposed but stayed punishment on count two and an additional enhancement pursuant to section 654, and reimposed a concurrent two-year term on count three. As a result, appellant's aggregate sentence was reduced from 32 years-to-life to 11 years-to-life.

This appeal followed.

## II. DISCUSSION

Appellant's counsel represents that he advised Hollman in writing that a *Wende* brief would be filed and Hollman could personally file a supplemental brief. Over 30 days have passed since the *Wende* brief was filed, and we have not received a supplemental brief from appellant.

We find no arguable issue on appeal. There is no legal issue that requires further briefing.

## III. DISPOSITION

The order is affirmed.

3

_____

NEEDHAM, J.

We concur.

_____

SIMONS, Acting P. J.

_____

BURNS, J.

*People v. Hollman* / A162429

4